UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

BRENT WATSON,
an individual,

    Plaintiff,

                                  CASE NO: 5:11-cv-361

vs.

HUNDUR, LTD.,

    Defendant.
_____/

## COMPLAINT

Plaintiff, Brent Watson ("Plaintiff") by and through the undersigned counsel, hereby files this Complaint and sues Hundur, Ltd., for injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. §12181 *et seq.*, ("Americans with Disabilities Act" or "ADA") and alleges:

## JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 *et seq.,* (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction under 28 U.S.C. Sections 1331 and 1343.

2. Venue is proper in this Court, the Northern District of Florida pursuant to 28 U.S.C. §1391 (B) and Local Rules of the United States District Court for the Northern District of Florida.

3. Plaintiff, Brent Watson (hereinafter referred to as "Watson") is a resident of the State of Alabama and is a qualified individual with a disability under the ADA. Watson suffers from what constitutes a "qualified disability" under the Americans with Disabilities Act of 1990, ("ADA") and all other applicable Federal statutes and regulations to the extent that he suffers from quadriplegia, requires a wheelchair for mobility and has limited use of his upper

extremities. Prior to instituting the instant action, Watson visited the Defendant's premises at issue in this matter in June of 2011, and was denied full, safe and equal access to the subject properties due to their lack of compliance with the ADA. Watson continues to desire and intends to visit the Defendant's premises but continues to be denied full, safe and equal access due to the barriers to access that continue to exist.

4. The Defendant, Hundur, Ltd., is a limited partnership registered to do business and, in fact, conducting business in the State of Florida. Upon information and belief, Hundur, Ltd. (hereinafter referred to as "Hundur") is the owner, lessee and/or operator of the real property and improvements that is the subject of this action, specifically the Sandpiper Beacon Beach Resort located at 17403 Front Beach Road in Panama City Beach, Florida (hereinafter referred to as the "Hotel").

5. All events giving rise to this lawsuit occurred in the Northern District of Florida.

### COUNT I - VIOLATION OF THE ADA

6. On or about July 26, 1990, Congress enacted the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 *et seq*. Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements. The effective date of Title III of the ADA was January 26, 1992. 42 U.S.C. §12181; 20 C.F.R. §36.508 (A).

7. Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the Hotel owned by Hundur is a place of public accommodation in that it is a Hotel operated by a private entity that provides goods and services to the public.

8. Defendant has discriminated and continues to discriminate against the Plaintiff, and others who are similarly situated, by denying access to, and full, safe and equal enjoyment of goods,

services, facilities, privileges, advantages and/or accommodations at the Hotel in derogation of 42 U.S.C §12101 *et seq.*

9. The Plaintiff has been unable to and continues to be unable to enjoy access to, and the benefits of the services offered at the Hotel owned by Hundur. Prior to the filing of this lawsuit, Plaintiff visited the Hotel at issue in this lawsuit and was denied access to the benefits, accommodations and services of the Defendant's premises and therefore suffered an injury in fact. In addition, Plaintiff continues to desire and intends to visit the Hotel, but continues to be injured in that he is unable to and continues to be discriminated against due to the barriers to access which remain at the Hotel in violation of the ADA. Watson has now and continues to have reasonable grounds for believing that he has been and will be discriminated against because of the Defendant's continuing deliberate and knowing violations of the ADA.

10. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA 28 C.F.R. Part 36.

11. Hundur is in violation of 42 U.S.C. §12181 *et seq.* and 28 C.F.R. §36.302 *et seq.* and is discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:

(i) There is insufficient space on the pull side of the door to enter the gift shop from the pool area.

(ii) There is no accessible route into the miniature golf area by the gift shop.

(iii) The threshold leading into the gift shop area by the miniature golf area contains an abrupt change in level that is not properly beveled for a wheelchair user to cross.

(iv) The double doors leading into the gift shop are too narrow for a wheelchair user.

(v) Toilet rooms in the gift shop lack accessible signage.

(vi) Door hardware provided on both toilet room doors in the gift shop require tight grasping and twisting of the wrist to operate.

(vii) The gift shop toilet rooms provide insufficient maneuvering space for a wheelchair user.

(viii) The gift shop lavatories contain faucet hardware that requires tight grasping and twisting of the wrist to operate.

(ix) There is no knee clearance under the lavatories in the gift shop toilet rooms for a wheelchair user.

(x) The gift shop toilet rooms lack grab bars at the water closets.

(xi) No accessible route is provided from the western end of the property to the shower areas or to the beach.

(xii) There is a ramp by the shuffle board that does not have handrails and does not continue down into the adjacent fenced area.

(xiii) There is no shower faucet that does not require tight grasping, pinching, or twisting of the wrist to operate on the showers provided along the ramp near the shuffle board area.

(xiv) The ramp leading down to the beach side deli has no handrails.

(xv) The ramp continuing from the beach side deli down to the tiki bar does not have handrails.

(xvi) The ramp leading onto the stage at the tiki bar is too steep and has no handrails and no edge protection.

(xvii) There is no accessible seating provided at the beach side deli or tiki bar.

(xviii) There is no accessible route leading from the deli or tiki bar to the beach.

(xix) There is no accessible route leading to any children's play areas or covered cabana areas on the beach between the tiki bar and deli.

(xx)     The restrooms are provided upstairs at the tiki bar with no accessible route provided to those restrooms.

(xxi)    The ramp between the primary pool and the bar lacks handrails.

(xxii)   There is no accessible seating at the bar across from the pool.

(xxiii)  There is no access into the outside pool, spa, inside pool, and lazy river.

(xxiv)   The service counter in the lobby is too high for a wheelchair user.

(xxv)    No wheelchair accessible guest rooms are provided.

(xxvi)   No wheelchair accessible guest rooms with roll-in showers are provided.

(xxvii)  The typical guest room (such as #141) contains insufficient maneuvering clearance at the primary door and a threshold that prevents wheelchair users from entering the room.

(xxviii) There is insufficient maneuvering clearance in the typical guest room (such as #141) to navigate around furniture or access any elements within the guest room.

(xxix)   The blinds in the typical guest room (such as #141) require tight grasping, pinching and/or twisting of the wrist to operate.

(xxx)    There is insufficient maneuvering clearance for a wheelchair user to access the porch of a typical guest room (such as #141).

(xxxi)   There is insufficient maneuvering clearance between the bed, the wall and the safe to gain access to the toilet room in the typical guest room (such as #141).

(xxxii)  The toilet rooms contain no grab bars at the water closet or bath tub/shower in the typical guest room (such as #141).

(xxxiii) There is no knee clearance under the lavatories in the typical guest room (such as #141).

(xxxiv)  The doors in the typical guest room (such as #141) contain hardware that require tight grasping and twisting of the wrist to operate.

(xxxv)  Some parking spaces designated as "accessible" lack access aisles.

(xxxvi) In the parking lot across the street which serves as overflow parking for the hotel, there is no accessible parking designated at all.

12. There are other current barriers to access and violations of the ADA at the Hotel owned and operated by Hundur that were not specifically identified herein as the Plaintiff is not required to engage in a futile gesture pursuant to 28 C.F.R. Part 36, §36.501 and, as such, only once a full inspection is performed by Plaintiff or Plaintiff's representatives can all said violations be identified.

13. To date, the barriers to access and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

14. Pursuant to the ADA, 42 U.S.C. §12101 *et seq.* and 28 C.F.R. §36.304, Hundur was required to make its Hotel, a place of public accommodation, accessible to persons with disabilities by January 28, 1992. To date, Hundur has failed to comply with this mandate.

15. Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by Defendant pursuant to 42 U.S.C. §12205.

16. Plaintiff's beach vacation with his family in June of 2011 was cut short when Plaintiff realized he could not access the accommodations at the Hotel. Plaintiff was required to spend many unplanned hours in his wheelchair without the ability to relieve pressure which resulted in his developing a posterior pressure sore during the time spent driving to the Hotel from Birmingham, Alabama, unpacking their car for their vacation upon arriving at the Hotel, determining the Hotel

was not accessible, repacking the car, negotiating for the cancellation of their reservation without penalty and locating another, more accessible resort for the balance of their vacation.

17. Despite these injuries and inconveniences suffered by Plaintiff, Plaintiff desires to return to the Hotel with his family once the barriers to his full, safe and equal access have been removed. Plaintiff seeks no compensation for his inconvenience and injuries, but rather seeks to enforce the accessibility requirements of the ADA so that he may enjoy the Hotel in the future.

18. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an Order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are completed.

WHEREFORE, the Plaintiff demands judgment against Hundur, Ltd. and requests the following injunctive and declaratory relief:

    A. That the Court declare that the property owned and administered by Defendant is violative of the ADA;

    B. That the Court enter an Order directing Defendant to alter its facilities to make them accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

    C. That the Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow them to undertake and complete corrective procedures;

    D. That the Court award reasonable attorney's fees, costs (including expert fees) and other expenses of suit, to the Plaintiff; and

    E. That the Court award such other and further relief as it deems necessary, just and proper.

Dated this 4th day of November 2011.

Respectfully submitted,

/s/ Edward I. Zwilling
Edward I. Zwilling, Esq.
Bar No.: ASB-1564-L54E
Schwartz Zweben, LLP
600 Vestavia Parkway, Suite 251
Birmingham, Alabama 35216
Telephone:     (205) 822-2701
Facsimile:      (205) 822-2702
Email:            ezwilling@szalaw.com